## The Commonwealth *against* IMMELL.

*Lancaster, Saturday, May 21.*

This court will not grant an *allocatur* for a writ of error in a criminal case, except where it has reason to think there has been an error affecting the merits of the particular case, or having an important bearing upon other cases.

THE defendant in this cause was convicted at the last Oyer and Terminer for *Dauphin*, of fornication and bastardy, and judgment was given. He afterwards applied to Judge *Yeates* for his *allocatur* to a writ of error, upon the ground that the jury had been drawn by the sheriff and *one* county commissioner, instead of at least *two*, in conformity with the act of assembly and the precept. His honour refused to allow the writ; and the same motion was now made to this Court, by

*Godwin* and *Hopkins* for the defendant.

*Duncan* contra.

TILGHMAN C. J. Taking it for granted that the jury was not properly drawn, the question will be, whether this Court ought to allow a writ of error for the purpose of reversing the judgment. By the act " to establish the judicial courts " of this Commonwealth, in conformity to the alterations " and amendments in the constitution," (13th *April* 1791) *sect.* 7. it is enacted that no writ of error shall issue, "unless " the same shall be specially allowed by the Supreme Court, " or one of the justices thereof, upon sufficient cause to it " or him shewn, or shall have been sued out with the con- " sent of the attorney general, which special allowance or " consent shall be in writing and certified on the said writ." In considering the sufficiency of the cause shewn, the court must be governed by some fixed principle according with the intent of the act of assembly, and conducive to the public good. I have always supposed that it was not sufficient to shew a trifling error in form, but that the court or judge should be satisfied that there was reason to think there had been an error either affecting the merits of the case, or of a

nature so important with regard to its bearing on other cases, that it was necessary to correct it. As to the merits of the particular case before us, there is no reason to suppose they have been affected by the error complained of. In all probability the jury would have been the same, if both commissioners had attended. Then how stands the matter with respect to the public? There is no important principle of law to be settled; no suggestion that the court of *Dauphin* county made any mistake, or refused to consider any point brought before them by the defendant. No objection was made to the jury; but the defendant went on to trial, either with a view to reverse the judgment in case he should be convicted, or (which is more probable) not then knowing the error, which he has since discovered. In either case he ought to be bound by the judgment. If he knew of the defect, and took the chance of a verdict in his favour, with a secret intent to overturn it in case it should be against him, he acted uncandidly. But if he did not know of it, he has only himself to blame for ignorance of what appeared on the record. The consequence of allowing this writ of error will be very serious; for if we allow it, we must do the same in every case decided at the same court, so that we shall prostrate the whole proceedings of the court for no useful purpose, but barely to incur the expenses of new proceedings in cases which, for ought that appears, have already been fairly tried and justly decided. In my opinion this would be an exercise of discretion not conformable to the intention of the act on which the defendant founds his motion. I am therefore against the allowance of the writ of error.

YEATES J. having previously refused the *allocatur*, gave no opinion.

BRACKENRIDGE J. concurred with the Chief Justice.

Motion denied.